IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. 2:19-CR-00064-1 |
| JOHN DOUGHERTY, *et al.*, | |

**O R D E R**

**AND NOW**, this 22nd day of January, 2026, upon consideration of Defendant John Dougherty's emergency motion for compassionate release, ECF No. 852, the response and reply thereto, and for the reasons set forth in the footnote below,[1] it is hereby **ORDERED** that the motion is **DENIED**.

BY THE COURT:

*/s/ Jeffery L. Schmehl*
**JEFFREY L. SCHMEHL, J.**

---

[1]   A district court may reduce a defendant's term of imprisonment "after considering the factors set forth § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Here, assuming extraordinary and compelling reasons for sentence reduction exist, the § 3553(a) factors weigh decisively against release.

The nature and circumstances of this Defendant's offenses were indeed serious. They both undermined the public's trust in government, and the Union's trust in its leadership. He was twice convicted by juries of his peers—first for depriving the citizens of Philadelphia of the honest services of their elected official, and second for embezzling and misusing assets of Local 98. The Court noted at sentencing that all of these offenses represented "an incredible breach of duty" and a "loss of integrity and responsibility" that transformed Local 98 into Defendant's "personal piggy bank."

With respect to his wife's condition, the record reflects that the trust funds supporting her care have not yet been depleted, and it remains speculative whether government programs such as Medicaid will be insufficient to cover the associated costs. The evidence also shows that, although they may not be available on a full-time basis, the Defendant's daughters can provide their mother with some meaningful degree of assistance. While the Defendant's wife's ongoing situation is extremely unfortunate, it does not outweigh, at this point in time, the need for the punishment that has been adjudged.